Argued and submitted November 20, 1996, affirmed June 11, 1997

MAR PACIFICO, INC.
and Patricia R. Bisbee, For Vessel: F/V El Camino,
*Petitioners,*

*v.*

DEPARTMENT OF FISH AND WILDLIFE,
*Respondent.*

(CA A92296)

939 P2d 637

Michele Longo Eder argued the cause for petitioners. With her on the brief was Macpherson, Gintner, Gordon & Diaz.

Jas. Adams, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Petitioner Patricia Bisbee is an officer of petitioner Mar Pacifico, Inc., a corporation in the business of operating commercial fishing vessels. Mar Pacifico is the owner of the vessel F/V El Camino, which is the subject of this permit proceeding. Petitioners seek review of an order of the Commercial Fishery Permit Review Board of the Department of Fish and Wildlife, pursuant to ORS 508.910, contending that the Board erred in failing to grant Mar Pacifico a permit to use the F/V El Camino to fish for Dungeness crab in Oregon coastal waters pursuant to ORS 508.921 to ORS 508.941. Specifically, petitioners contend that the Board has erroneously interpreted ORS 508.941(2) regarding waiver of the eligibility requirements, that substantial evidence does not support the Board's findings, and that the Board erred in failing to notify petitioners of its intent to take official notice of general, technical or scientific facts within its specialized knowledge. We have considered and reject each of the contentions and therefore affirm the Board's order.

In 1995, the Legislature enacted a commercial limited entry licensing program for Dungeness crab, codified at ORS 508.921 to ORS 508.941. ORS 508.931(1) sets forth the requirements for initial eligibility of a vessel for a "limited entry permit." It provides:

"The system established under ORS 508.921 shall provide initial eligibility for vessels to participate in the ocean Dungeness crab fishery seasons established by the State Fish and Wildlife Commission, beginning on December 1, 1995, with a transferable ocean Dungeness crab permit only if:

"(a) The vessel for which application is made was continuously licensed pursuant to ORS 508.260 for the calendar years 1991 through 1994, and was used in the ocean Dungeness crab fishery to lawfully land into Oregon ports at least 500 pounds of ocean Dungeness crab in each of two crab fishing seasons between December 1, 1988, and December 31, 1994;

"(b) The vessel for which application is made was under construction between December 1, 1988, and August 14, 1991, for the purpose of ocean Dungeness crab fishing in

waters of this state, and the vessel lawfully landed into Oregon ports at least 500 pounds of ocean Dungeness crab in each of two crab fishing seasons between December 1, 1988, and December 31, 1994, and was licensed as an Oregon vessel from the date of completion;

"(c)  The vessel for which application is made was used in the ocean Dungeness crab fishery to lawfully land into Oregon ports at least 500 pounds of ocean Dungeness crab in each of two crab fishing seasons between December 1, 1991, and December 31, 1994, and is owned by a person who, prior to December 31, 1994, sold a vessel that was used prior to sale in the ocean Dungeness crab fishery to lawfully land into Oregon ports at least 500 pounds of ocean Dungeness crab in each of two crab fishing seasons between December 1, 1988, and December 31, 1994, and who, as a condition of the sale, retained the sold vessel's commercial fishing rights to fish for ocean Dungeness crab in the ocean waters of Oregon;

"(d)  The vessel for which application is made was continuously licensed pursuant to ORS 508.260 for the calendar years 1991 through 1994, was used in the ocean Dungeness crab fishery to lawfully land into Oregon ports at least 10,000 pounds of ocean Dungeness crab in one crab fishing season between December 1, 1988, and December 31, 1994, and the owner of the vessel on December 31, 1994, demonstrates possession of one or more vessel licenses described in ORS 508.260 in each of 10 separate years during the period December 1, 1980, to December 31, 1994; or

(e)  The vessel for which application is made was licensed pursuant to ORS 508.260 during 1994, is 26 feet or less in length and was used in the ocean Dungeness crab fishery to lawfully land in Oregon ports at least 100 pounds of ocean Dungeness crab in at least one crab fishing season between December 1, 1988, and December 31, 1994."

The only subsections under which the F/V El Camino potentially could have been eligible for a permit are (a) and (d). Petitioners concede, however, that the vessel fails to qualify for a permit under either of those subsections, because it was not licensed in 1993 or 1994, and was licensed for only nine separate years during the period December 1, 1980 to December ber 31, 1994.[1]

---

[1] The vessel met the statutory landing requirements of at least 500 pounds of Dungeness crab for two years during the period of 1988 to 1994 and one landing in

Petitioners contend, nonetheless, that the Board erred in failing to waive those eligibility requirements pursuant to ORS 508.941(2), which provides, in part:

> "The board may waive the eligibility requirements contained in ORS 508.931 if the board finds that the individual fails to meet the requirements as the result of illness, fire, sinking, accident or other *circumstances beyond the individual's control.* In making a determination of eligibility under this section, the board *shall consider the applicant's history of participation in Oregon ocean Dungeness crab fishery."* (Emphasis supplied.)

Petitioners contend that circumstances beyond their control existed so as to justify waiver of the licensing requirement.

The undisputed facts show that the vessel was not licensed or fished for the years in question because the previous owner died in 1992 and the vessel became part of his estate, which chose not to license the vessel. The vessel sank in port in August 1994, and the Port of Warrenton incurred expenses for its recovery and storage. The City of Warrenton placed a lien against the vessel and foreclosed on its lien. Bisbee acquired the vessel through judicial foreclosure sale on December 29, 1994. She was unable to process the proper documentation of the sale in 1994 to acquire a license in 1994, but she purchased a license for the vessel in 1995. She claims that those circumstances, specifically the failure of the estate to license the vessel for 1993 and 1994, are circumstances beyond *her* control that support waiver of the licensing requirement.

The Board rejected the contention. It found that the vessel could have been licensed by the estate during the period in question and that Bisbee acquired the vessel fully aware of the lack of licensing. As required by the statute, the Board also considered petitioners' "history of participation in the Oregon ocean Dungeness crab fishery," and found that petitioners had no history of crabbing. Both of those findings weighed against waiver of the licensing requirement, and the Board therefore declined to grant the requested permit.

---

excess of 10,000 in one crab fishing season between December 1, 1988, and December 31, 1994. ORS 508.931(a); ORS 508.931(d).

■ The only issue on review is whether the Board erred in failing to waive the licensing requirements. ORS 508.941(2) provides that the Board "may" waive the eligibility requirements contained in ORS 508.931. The Board's decision with regard to the waiver of eligibility requirements for a commercial fishing permit is thus a discretionary one, and we review it to determine whether the Board has erroneously interpreted the statutes and whether the correct interpretation compels a different result. We may not set aside or modify the Board's decision unless it has acted outside the allowable range of discretion. ORS 183.482(8)(b).

■ We reject petitioners' contention that the Board abused its discretion in denying the request for waiver. Petitioners' argument is dependent on their assumption that the predecessor owner's failure to take the actions necessary to satisfy the eligibility requirements should be treated as circumstances beyond the control of the new owner. The statute speaks of "circumstances beyond the individual's control." Under the laws related to Dungeness crab fishery, ORS 508.921 to ORS 508.941, the term "individual" describes the person operating or seeking to operate a vessel or the person seeking to obtain a permit for a vessel. In concluding that the circumstances that resulted in a lack of licensing of the vessel by the former owner were not circumstances beyond "the individual's control," the Board considered that the former owner could have continued the licensing of the vessel while it was in probate and that Bisbee acquired the vessel with full knowledge of the lack of licensing. The Board implicitly reasoned that circumstances that were not beyond the control of the former owner would not become circumstances beyond the new owner's control merely because of a change of ownership, especially when the new owner reasonably should have known of the circumstances at the time of the purchase, and essentially, "purchased the risk." In other words, the former owner's reasons for failure to meet the requirements necessary to qualify are to be attributed to the new owners. That reasoning is consistent with the legislative choice, as evidenced by ORS 508.941(2), to attribute the landing and licensing history of the former owner to the new owner for the purpose of determining eligibility for a permit. It is also consistent with the legislature's stated policy, in establishing the limited permit entry system,

"to promote the economic well-being of the Oregon ocean dungeness crab industry and the coastal communities relying on the harvest, *to protect the livelihood of participants in the Oregon ocean Dungeness crab fishery who have historically and continuously participated in the ocean Dungeness crab fishery* and to prevent a concentration of fishing effort \* \* \*." ORS 508.921 (emphasis supplied).

■     Additionally, the Board correctly decided that petitioners' lack of prior participation in Oregon ocean Dungeness crab fishery weighed against the waiver. In contrast to ORS 508.931(1), which permits the new owner to rely on the landing and licensing history of the "vessel," ORS 508.941(2) specifically requires the Board to consider "the *applicant's* history of participation in the Oregon ocean Dungeness crab fishery." (Emphasis supplied.) We reject petitioners' suggestion that it is the *vessel's* crabbing history that is pertinent for the purpose of that inquiry. Petitioner Mar Pacifico, not the vessel, is the "applicant." Mar Pacifico has never fished for Oregon Dungeness crab. The Board found that the applicant had no history of participation in Oregon Dungeness crab fishery. The Board's finding is supported by substantial evidence.

■     During the Board's deliberations, in the presence of Bisbee and her legal counsel, there was discussion concerning the condition of the vessel, interspersed with questions to Bisbee. Petitioners' counsel acknowledged the expertise of the Board with regard to the condition of the vessel and its suitability for crabbing, but attempted to focus the Board members' attention to the question of "circumstances beyond [Bisbee's] control." The Board then adjourned to obtain legal advice. When it reconvened one week later, Bisbee was not present. Petitioners now object to the Board's order on the ground that it was based in part on notice of facts concerning the condition of the vessel that were not a part of the record, without notice to petitioners as required by ORS 183.450(4).[2]

---

[2] ORS 183.450(4) provides:

"Agencies may take notice of judicially cognizable facts, and they may take official notice of general technical or scientific facts within their specialized knowledge. Parties shall be notified at any time during the proceeding but in any event prior to the final decision of material officially noticed and they shall be afforded an opportunity to contest the facts so noticed. Agencies may utilize

We reject the contention that petitioners were entitled to notice pursuant to ORS 183.450. The entire colloquy of the Board with regard to the condition of the vessel took place on the record, and included testimony from Bisbee concerning the condition of the vessel and her efforts to repair it. Additionally, the Board members' comments were not attached to the final order, and the order does not rely on them to support its conclusion. Finally, petitioners had, but did not take advantage of, the opportunity to supplement the record concerning the condition of the vessel when the Board reconvened one week later.

Affirmed.

---

their experience, technical competence and specialized knowledge in evaluation of the evidence presented to them."